UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HINES,<br><br>            Plaintiff,<br><br>    v.<br><br>C. GIPSON, et al.,<br><br>            Defendants. | 1:14-cv-00563-AWI-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 11.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.    BACKGROUND**

Plaintiff Christopher Hines ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 21, 2014.  (ECF No. 1.)

The Court[1] screened the Complaint under 28 U.S.C. § 1915A and entered an order on January 14, 2015, dismissing the Complaint for failure to state a claim, with leave to amend.  (ECF No. 10.)  On February 9, 2015, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.  (ECF No. 11.)

---

[1] The previous screening order was issued by Magistrate Judge Gary Austin.

1

Plaintiff's First Amended Complaint contains allegations much like his original complaint, which describe how he was placed on contraband watch based on a report that he had put something inside his anal cavity. Plaintiff claims that he was unable to sanitize properly during this watch and that reports that he had something in his body were denied by an official report.

This Court recommends dismissing Plaintiff's First Amended Complaint with prejudice for failure to state a claim because, among other things, he has failed to allege that prison officials acted with the intent to inflict pain that is unnecessary and wanton.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

///

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

At the time of filing the First Amended Complaint, Plaintiff was incarcerated at California State Prison, Corcoran, in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff alleges that he was denied his right to properly sanitize his body after defecating due to being on contraband watch. Plaintiff was put on contraband watch because the correctional officer in the gun tower thought he saw Plaintiff put something in Plaintiff's anal cavity. Plaintiff requested an x-ray. Plaintiff was told that the x-ray was positive, but in fact the official report, which is attached to Plaintiff's complaint, shows that no object was found. During the contraband watch, Plaintiff was unable to properly sanitize himself. Plaintiff states that Defendant E. Felix falsified information by saying that the x-ray was positive.

### IV. PRIOR SCREENING ORDER

The Court screened Plaintiff's original complaint and dismissed with leave to amend on January 14, 2015. (ECF No. 10.) The Court provided guidance on information needed to state a claim. In particular, the Court provided the legal standards for a constitutional violation based on conditions of confinement. The Court then described why Plaintiff's allegations failed to state a claim under these legal standards:

> Here, the Court finds Plaintiff's allegations to be vague. Plaintiff alleges that he was on contraband watch for 108 hours, 30 hours over the normal period. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the

actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. (quoting Johnson at 743-44). Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. Plaintiff may not hold defendants liable simply by alleging that he was subjected to an extended contraband watch. Plaintiff must allege some facts indicating that he was deprived of a basic human necessity. Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Plaintiff has failed to do so here.

(ECF No. 10, at p. 4)

## V.  ANALYSIS OF PLAINTIFF'S AMENDED COMPLAINT

### A.  Legal Standards for Inhumane Conditions of Confinement

As explained in the Court's prior order, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A plaintiff who claims that the conditions of his confinement fall below the constitutional standard must make two showings. "First, the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citation omitted). "The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotations and citations omitted). Second, the prisoner must make a "subjective" showing that prison officials "acted with the requisite culpable intent such that the infliction of pain is 'unnecessary and wanton.' In prison condition cases, prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmate's suffering." Anderson v. County of Kern, 45 F.3d 1310, 1312 (9th Cir. 1995).

To make the required objective showing that the conditions of contraband watch were "sufficiently serious" to support an Eighth Amendment claim, Plaintiff needs to present evidence of an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. The risk must be shown in a specific deprivation of a basic human necessity. "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific

deprivation of a single human need exists." Wilson v. Seiter, 294, 305 (1991). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[E]xtreme deprivations are required to make out a conditions of confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The nature of the deprivation and the duration of Plaintiff's stay on contraband watch are also factors in the Court's analysis. "The more basic the need, the shorter the time it can be withheld. . . . More modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing." Johnson, 217 F.3d at 731-31 (citations omitted). "Prison officials must provide all prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety . . . The longer the prisoner is without such benefits, the closer it comes to being an unwarranted infliction of pain." Hoptowit v. Ray, 682 F.2d 1237, 1285 (9th Cir. 1982).

### B. Application to Plaintiff's First Amended Complaint

The Court finds that Plaintiff has failed to state a constitutional claim for inhumane conditions of confinement. Plaintiff alleges that the prison put him on contraband watch because a correctional officer saw Plaintiff put something in his anal cavity. (ECF No. 11, at p. 2.) Although he alleges that he stayed on contraband watch for a longer than normal period, and was unable to properly sanitize himself, there are no allegations that defendants "acted with the requisite culpable intent such that the infliction of pain is unnecessary and wanton." On the contrary, it appears that they believed he had contraband in his body. Plaintiff also does not allege that he was injured as a result of the extended contraband watch or unsanitary conditions, and thus has not alleged facts showing that the deprivation was "sufficiently grave to form the basis of an Eighth Amendment violation."

Plaintiff also alleges that Defendant Felix wrongly stated that Plaintiff did have a foreign body in his body. Plaintiff attaches an official report stating that no foreign body was found. However, Plaintiff does not allege that he was harmed by this misinformation. Merely

alleging that a prison official said something that was false is insufficient to set forth a constitutional violation.

## VI.    CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to comply with Rule 8(a) and fails to state any cognizable claim upon which relief may be granted under § 1983.  The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This action be DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted; and
2. This dismissal count as a STRIKE pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 11, 2016**              /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE